UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOUGLAS G. BALTZ,

        Plaintiff,

        v.                                                             Case No. 19-C-87

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

**DECISION AND ORDER REVERSING THE COMMISSIONER'S DECISION**

    Plaintiff Douglas G. Baltz filed this action for judicial review of a decision by the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits under Title II of the Social Security Act. For the reasons that follow, the decision of the Commissioner will be reversed and remanded.

## BACKGROUND

    On January 12, 2015, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning November 22, 2011. He listed residuals from a stroke and shoulder, back, and neck impairments as the conditions that limited his ability to work. R. 339. After his application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge (ALJ). ALJ Jerry Faust conducted a hearing on November 21, 2017. Plaintiff, who was represented by counsel, and a vocational expert testified. R. 42–80.

    At the time of the hearing, Plaintiff was 49 years old. He lived at home with his wife and their nineteen-year-old son, who withdrew from college to help take care of Plaintiff. R. 48. On

November 22, 2011, Plaintiff injured his left shoulder. R. 577. The following day, Plaintiff reported to the emergency room with symptoms of right-sided numbness and tingling. It was determined that Plaintiff suffered a stroke. R. 580. Plaintiff's counsel explained that the entire right side of Plaintiff's body is, for the most part, paralyzed. Plaintiff gets chronic pain in his head, face, neck, ribs, right hip, right leg, and right foot. He does not walk without a cane more than five feet because he falls. R. 47. The farthest he walks with his cane is about 50 feet. R. 55. Plaintiff testified that his wife helps him in and out of the shower, shaves his face, and combs his hair. Plaintiff, who is right-arm dominant, is only able to brush his teeth with his left arm. R. 51. He stated that he does not cook or do household chores. His wife cuts up his meals, and he eats with his left hand. R. 52. Plaintiff testified that he drops things with his right hand and is unable to pick up a dime from a table. R. 56.

In a written decision dated February 14, 2018, the ALJ concluded Plaintiff was not disabled. R. 16–29. Following the Agency's sequential evaluation process, the ALJ found at step one that Plaintiff last met the insured status requirements on December 31, 2016 and did not engage in substantial gainful activity during the period from his alleged onset date of November 22, 2011 through his date last insured. R. 18. At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, history of a cerebrovascular accident, osteoarthritis in the right knee, general anxiety disorder, and depression. R. 19. The ALJ found that Plaintiff's hypertension, gastroesophageal reflux disease, neurocognitive disorder, adjustment disorder, and all other impairments are nonsevere or not medically determinable because they have been responsive to treatment, cause no more than minimal vocationally relevant limitations, have not lasted or are not expected to last at a severe level for a continuous period of 12 months, are not expected to result in death, or have not been

properly diagnosed by an acceptable medical source. *Id.* At step three, the ALJ concluded Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

After reviewing the entire record, the ALJ determined Plaintiff had the residual functional capacity (RFC), through the date last insured, to perform a range of sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following limitations:

> [Plaintiff] could frequently, but not constantly handle on the right. He can occasionally climb ramps and stairs. He can never climb ropes, ladders, or scaffolds. He could occasionally stoop, kneel, crouch, and crawl. He must avoid exposure to extreme cold and extreme heat. He must avoid hazards such as unprotected heights, open water, and commercial driving. He could perform simple, routine tasks in a relatively static environment with infrequent changes and no fast production pace (no work on a line or station where the worker cannot control the speed of the work). He could have superficial interaction with others with superficial defined as involving no negotiation, no confrontation, no arbitration, and no mediation.

R. 22. With these limitations, the ALJ found at step four that Plaintiff was unable to perform any past relevant work as an electrician but concluded that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as assembler, general production worker, and inspector/tester. R. 27–28. Based on these findings, the ALJ concluded Plaintiff was not disabled within the meaning of the Social Security Act at any time from November 22, 2011 through December 31, 2016. R. 29. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Thereafter, Plaintiff commenced this action for judicial review.

## LEGAL STANDARD

Judicial review of the decisions of administrative agencies is intended to be deferential. *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010). The Social Security Act specifies that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial

3

evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind could accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). Given this standard, and because a reviewing court may not substitute its judgment for that of the ALJ, "challenges to the sufficiency of the evidence rarely succeed." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005).

Additionally, the ALJ is expected to follow the Social Security Administration's (SSA) rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

**ANALYSIS**

Plaintiff asserts, among other things, that the ALJ failed to adequately explain the manipulative limitations in the RFC determination. An RFC is an administrative assessment describing the extent to which an individual's impairments may cause physical or mental limitations or restrictions that could affect his ability to work. SSR 96-8p. The RFC represents "the maximum a person can do—despite his limitations—on a 'regular and continuing basis,' which means roughly eight hours a day for five days a week." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (quoting SSR 96-8p). In forming the RFC, the ALJ must review all of the

4

relevant evidence in the record and "consider all limitations that arise from medically determinable impairments." *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p. The assessment must also address "both the remaining exertional and nonexertional capacities of the [claimant]." *Id.* Nonexertional capacity considers a claimant's manipulative (e.g., handling) abilities. *Id.* The SSA has explained that "handling (seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands) [is] required in almost all jobs" and "[s]ignificant limitations of . . . handling, therefore, may eliminate a large number of occupations a person could otherwise do." SSR 85-15; *see also Herrmann v. Colvin*, 772 F.3d 1110, 1112 (7th Cir. 2014).

The ALJ determined that Plaintiff had the RFC to perform sedentary work "such that he could frequently, but not constantly handle on the right," among other limitations. R. 22. Plaintiff maintains that the ALJ failed to address relevant evidence related to his manipulative limitations when assessing the RFC and that his explanation for the frequent handling limitation is deficient. The ALJ only notes in his decision that Plaintiff could not pick up a dime and drops things with his right hand. R. 23. The ALJ did not explain, with specific citations, how the evidence supports a limitation of frequent handling. The decision does not mention grip strength and does not address any evidence relating to handling, fingering, or grip strength. For instance, in November 2013, Dr. Marc Novom, a neurology consultant, opined that Plaintiff "would not be able to engage in exceedingly fine distal coordinated activity involving the right upper extremity" and reaffirmed that opinion in May 2015. R. 1637, 1649. And, in June 2015, Plaintiff's right-hand grip strength was documented as falling within less than the 0.1 percentile and his left grip strength measured

in the fourth percentile. R. 1160. The Commissioner asserts that the ALJ's failure to discuss certain evidence is harmless error.

Under the doctrine of harmless error, the court will not remand the case to the ALJ if it is convinced that the ALJ would reach the same result on remand. *See McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011). Harmless error analysis is not "an exercise in rationalizing the ALJ's decision and substituting our own hypothetical explanations for the ALJ's inadequate articulation." *Id.* In this case, it is impossible to know how the ALJ would have considered the medical evidence concerning Plaintiff's handling, fingering, and grip strength. *See Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) ("[T]he fact that the administrative law judge . . . might have reached the same result does not prove that her failure to consider the evidence was harmless. Had she considered it carefully, she might well have reached a different conclusion."). As a result, the ALJ's failure to discuss the medical evidence regarding Plaintiff's manipulative limitations is not harmless.

In this case, the ALJ's decision offers no real analysis or consideration of what impact, if any, Plaintiff's grasping, fingering, and reaching had on his ability to work. This is especially important since the difference between occasional or frequent handling could preclude Plaintiff from work. *See Herrmann*, 772 F.3d at 1112 (noting that gripping is a form of handling and "is an essential manipulative activity in a great many jobs"). Although the ALJ "need not address every piece of evidence in his decision," *Sims v. Barnhart*, 309 F.3d 424, 429 (7th Cir. 2002), he was required to build an accurate and logical bridge from the evidence of Plaintiff's diminished grip strength with both hands and limitations with fingering to the conclusion that Plaintiff can perform sedentary work with the limitations contained in the RFC. *Clifford*, 227 F.3d at 872. The ALJ failed to do so here. On this basis, the court reverses the Commissioner's decision and

remands for further proceedings to discuss what affect, if any, Plaintiff's manipulative limitations had on his ability to work.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and **REMANDED** to the SSA pursuant to 42 U.S.C. § 405(g) (sentence four) for further proceedings consistent with this order. Although the decision is reversed because of the error in failing to account for Plaintiff's manipulative limitations in the RFC, the Commissioner should also address Plaintiff's other claims of error on remand, including the ALJ's failure to fully address Plaintiff's cognitive limitations as reflected in the reports of Dr. Bobholz and Dr. Novom, his assessment of Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms under SSR 16-3p, as well as his assessment of the opinion of Dr. Reshel, Plaintiff's treating physician. Further consideration of those claimed errors on remand will aid in reaching a final resolution of the case and avoid further remands in the future. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 28th day of February, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
